(C.D. 2373)

BORDAS & COMPANY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 7, 1962)

*Jaime Pieras, Jr.*, for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., dissenting

RICHARDSON, Judge: The merchandise involved herein consists of roasted coffee imported into Puerto Rico from the United States and assessed with duty at the rate of 36 cents a pound under 19 U.S.C.A., section 1319 (§ 319, Tariff Act of 1930), and Act No. 4 of July 11, 1935, of the Legislature of Puerto Rico, as amended by Resolution of the Secretary of Agriculture and Commerce, approved by the Governor of the Commonwealth of Puerto Rico on April 18, 1957, under authority of Act No. 77, approved on May 5, 1931, as amended by Act No. 95 of June 21, 1955. The protest was filed by the plaintiff with the collector of customs at San Juan, P.R., on November 30, 1960. It covers 16 entries which were purportedly liquidated by the collector at various times between May 17, 1957, and February 14, 1958. Three of these entries, to wit, Nos. 1244, 1869, and 9056, have been forwarded to the court with the official papers.

The case is before the court on a motion by the defendant seeking

the dismissal of the protest under 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930), on the ground of untimeliness. In opposition, it is claimed by the plaintiff, among other things, and conceded by the defendant, that the aforesaid rate of duty is illegal, because it is based upon a provision in one of the aforementioned laws and the resolution issued thereunder, which we adjudged to be unconstitutional and void in our decision in *Pan American Standard Brands, Inc., et al.* v. *United States*, 43 Cust. Ct. 122, C.D. 2115. The duty rates struck down, in that case, represented an increase of 100 per centum over the lawful rates existing prior to April 18, 1957. These increased duties were based upon an unlawful subdelegation of legislative power by the Puerto Rican Legislature under Act No. 95, *supra*, to the Puerto Rican Secretary of Agriculture and Commerce to increase or decrease by executive resolution the rates of duty on coffee, imported into Puerto Rico. The question presented under the defendant's motion is whether a protest will lie against the collector's liquidation of duties illegally assessed under such void statutory enactment where, as here, the protest was filed more than 60 days after the alleged liquidations were made.

The merchandise, facts, and issues involved in the instant protest are the same in all material respects as the merchandise, facts, and issues the subject of *C. O. Mason, Inc.* v. *United States*, protest No. 60/19760, previously decided. In that case, we held that liquidations of duties based upon such void statutory enactments were not legal liquidations and that protests filed thereagainst were deemed to have been filed before liquidation, in consequence of which, we dismissed the protest as being premature. We are of the opinion that the same disposition should be made of the instant protest. Therefore, following our decision in *C. O. Mason, Inc.* v. *United States, supra*, we hold that the liquidations covered by the protest filed herein are void and illegal and that the protest has been filed prematurely and before the subject entries have been legally liquidated. It is the collector's duty to assess duties against these entries and liquidate the same in the manner provided by law, so that the plaintiff may have an opportunity to duly protest against such liquidations if it be so advised. The protest is, therefore, dismissed as being premature.

Judgment will be entered accordingly.

### DISSENTING OPINION

DONLON, Judge: As stated in my dissent in *C. O. Mason, Inc.* v. *United States*, 49 Cust. Ct. 89, C.D. 2364, I am of opinion that defendant's position here is correct. This protest was filed too late and should be dismissed. That is the only decision consistent with our

decision in *Pan American Standard Brands, Inc.* v. *United States*, 43 Cust. Ct. 122, C.D. 2115, where we sustained the protests.

It is stating the obvious to say that no protest can be sustained unless it is timely, and that it can be timely only if there has been an antecedent liquidation which the importer has the statutory right to protest. We sustained the *Pan American* protests. Here, too, there has been a liquidation.

The authority of the collector to liquidate does not derive from the statute here held to be invalid. His authority to liquidate derives from section 505 of the Tariff Act of 1930. All that 19 U.S.C.A., section 1319 (the invalid statute), did was to authorize the Legislature of Puerto Rico to fix tariff duties on coffee. We have held that, as enacted by Congress, this was an unconstitutional delegation of the legislative power and, therefore, tariff legislation pursuant to it was void.

That is to say, the collector had no lawful right to assess the duties which he did assess. He had a lawful right, and in fact a duty, to liquidate entries; and on timely protest, we could, and, in the *Pan American* case did, direct appropriate reliquidation.

The sole recourse which Congress provides for an importer claiming injury because the collector has exacted unlawful duties, is by protest. Such protest must be timely. Here, the protest was not timely.